UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JARED J BAILEY,<br><br>                             Plaintiff,<br>     v.<br><br>CITY OF OLYMPIA PROSECUTOR et al.,<br><br>                             Defendants. | CASE NO. 3:22-cv-05973-RJB<br><br>ORDER |

      This matter comes before the Court *sua sponte* on review of the record. The Court has considered the record and is fully advised.

      **Review of the Proposed Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

      On December 15, 2022, the Plaintiff, *pro se,* filed the 125-page Complaint in this case and paid the filing fee. Dkt. 3. His Complaint is difficult to follow. It appears to relate to the arrest and prosecution of the Plaintiff for drug related offenses in at least two cases, *Washington*

ORDER - 1

*v. Jared Jason Bailey,* Thurston County Superior Court case number 22-1-01222-34 and *City of Olympia v. Jared Bailey,* "case number 2022022." Dkt. 3 at 103. He refers to the U.S. Constitution (both to various Articles and Amendments), treaties (for example, the "Treaty of Marakesh Peace and Friendship 1787 A.D."), the Declaration of Independence, several federal criminal and civil statutes (including the "Civil [Rights] Act"), the state constitution and statutes, and other works including the "Northwest Ordinance" and "Virginia Papers." *Id.* He includes long portions of each in the Complaint. *Id.*

The Plaintiff asserts that the prosecutors, R. Tye Graham and Rosemary Hewitson committed perjury and do not have licenses to practice law in Washington. *Id.* at 8. He contends that he has been "publicly violated; lynched, assaulted, tortured and kidnapped by the State of Washington, Thurston County, City of Olympia" and has been "criminally confined and abused by the Olympia PD, Thurston County Sheriff, Thurston County and State of Washington." *Id.* at 13. He appears to argue that he does not have effective counsel in these criminal matters and challenges the state court's jurisdiction over him and the cases. *Id.* The Plaintiff contends that there is a "fraudulent use of money." *Id.* at 104

He states that he is seeking "pretrial habeas corpus injunctive relief," that this Court "remove" the pending criminal cases from the state courts and assign the case to the U.S. Supreme Court or other "lawful tribunal." *Id.* at 103-104. In response to the form Complaint's question about the amount in controversy, the Plaintiff states "The minimum fine for treason is $10K USD; aiding or enabling enemies of the United States." *Id.* at 4.

**Standard on Review of a Complaint**. Pursuant to Fed. R. Civ. P. 8 (a):

**Claim for Relief**. A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

While the pleading standard under Rule 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although pleadings drafted by a party proceeding *pro se* must be read more liberally than pleadings drafted by counsel, a *pro se* litigant is not excused from knowing the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

**Sua Sponte Dismissal – Standard on Rule 12(b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

Under Fed. R. Civ. P. 12(b)(1), a complaint must be dismissed if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction). A federal court is presumed to lack subject matter jurisdiction until

ORDER - 3

plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Moreover, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**12(b)(1) Analysis of Plaintiff's Proposed Complaint.** Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." "Subject to a few exceptions not at issue here, a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies." *Weaver v. Thompson*, 197 F.3d 359, 363–64 (9th Cir. 1999). "A petitioner can satisfy the exhaustion requirement by providing the highest state court with a fair opportunity to consider each issue before presenting it to the federal court." *Id.* The petitioner must present the state

ORDER - 4

courts with the issue's factual and legal basis. *Id*.

The Plaintiff requests "pretrial habeas corpus injunctive relief." It is unclear from the Complaint whether the Plaintiff has been convicted of a crime, is in custody pursuant to a state conviction, or has exhausted his habeas corpus claims in the state courts. If he has not been convicted, is not in custody, and has not exhausted his habeas corpus claims in the state courts, this Court does not have jurisdiction over his claims for habeas corpus relief under 28 U.S.C. § 2254(a) and (b). If for those reasons the Court does not have jurisdiction over the Plaintiff's claims for habeas relief, the habeas claims should be dismissed without prejudice.

It is not clear whether the Plaintiff is making damage claims against the State of Washington. To the extent the Plaintiff asserts damage claims against the State of Washington, they are barred by the Eleventh Amendment. "The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer,* 523 F.3d 948, 953 (9th Cir. 2008). There is no evidence that Washington, its agencies, or officers have consented to such a suit for damages and are, accordingly, immune from suits of this kind brought in federal courts. *Pittman v. Oregon Employment Dept.,* 509 F.3d 1065, 1071 (9th Cir. 2007)(*internal quotations omitted*). To the extent the Plaintiff asserts damage claims against the State of Washington, those claims should be dismissed without prejudice.

**12(b)(6) Analysis of Plaintiff's Proposed Complaint -Failure to State a Claim.** The Plaintiff's claims are wholly unclear. Many of his allegations are not plausible. Even construing the Complaint liberally, it is unclear what claims the Plaintiff makes. Considering all plausible allegations in the Complaint, the Complaint fails state a claim on which relief can be granted under Rule 12(b)(6).

**Abstention under *Younger v. Harris,* 401 U.S. 37 (1971).** To the extent that the Plaintiff is asserting claims to enjoin ongoing criminal cases, the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971) may apply.

Absent exceptional circumstances, federal courts should not enjoin pending state criminal proceedings. *Younger v. Harris,* 401 U.S. 37 (1971). A federal court should abstain from exercising jurisdiction over a case under *Younger* when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)(*internal quotation marks and citations omitted*). Where all the *Younger* abstention elements are met, a district court must abstain from hearing the case and dismiss the action. *Beltran v. State of Cal*., 871 F.2d 777, 782 (9th Cir. 1988).

Based on the allegations in the Complaint, it appears that the *Younger* abstention elements are met. There is an ongoing criminal proceeding against the Plaintiff and the criminal proceeding implicates important state interests - that of the state enforcing the state's criminal statutes. The Plaintiff can raise his legal issues (including the constitutional and statutory ones) during the state court proceedings. Further, it may be that the Plaintiff's only requested relief is to enjoin the ongoing state criminal proceedings. *Younger* may apply here.

**Leave to Amend**. Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

Plaintiff should be granted leave to file a proposed amended complaint to attempt to state claims upon which relief can be granted on or before **February 3, 2023**. Plaintiff should <u>clearly</u> comply with Rule 8 in any amended complaint. He should plainly state what happened and when, and identify what claim he intends to make as a result. It is not necessary to include the full provisions of the Constitution or statutes. The Plaintiff should indicate what relief he seeks. He should not seek habeas relief unless he has been convicted in state court, is in custody, and properly exhausted his habeas claims in the state courts. He should not seek damages against the State of Washington. He should not seek to enjoin the state criminal proceedings without showing that *Younger* abstention does not apply.

Failure to file a proposed amended complaint may result in dismissal of the case, without prejudice.

## **ORDER**

Therefore, it is hereby **ORDERED** that:

- To the extent the Plaintiff seeks habeas corpus relief and has not been convicted, is not in custody, and has not exhausted his habeas corpus claims in the state courts, his habeas corpus claims **ARE DISMISSED WITHOUT PREJUDICE**;
- To the extent that the Plaintiff makes damage claims against the State of Washington, his claims **ARE DISMISSED WITHOUT PREJUDICE**;
- The deadline for the Plaintiff to file a proposed amended complaint to attempt to state a claim upon which relief can be granted **IS February 3, 2023**; and
- Failure to do so may result in dismissal of the case without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of January, 2023.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER - 8