UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JARED J BAILEY, | CASE NO. 3:22-cv-05973-RJB |
| Plaintiff, | |
| v. | ORDER ON CITY DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR JOINDER OF PARTIES |
| CITY OF OLYMPIA PROSECUTOR, et al., | |
| Defendants. | |

This matter comes before the Court on the Defendants City of Olympia Prosecutors R. Tye Graham and Rosemary Hewitson and the City of Olympia Police Department's (collectively "City Defendants") Motion to Dismiss (Dkt. 25, refiled in redacted form at 32, referred to here as Dkt. 25) and Plaintiff's Amended Motion to Join Parties Thurston County Prosecutor, Jon Tunheim, and Thurston County Jail (Dkt. 38), which should be construed as a motion to amend the Plaintiff's Amended Complaint. The Court has considered the pleadings filed regarding the motions, including several of Plaintiff's late responses to the City Defendants' motion, and the file herein.

1   The Plaintiff filed this case, *pro se,* on December 15, 2022 and paid the filing fee. Dkt. 1.
2   After several deficiencies were identified in his Complaint, he was given an opportunity to file
3   an Amended Complaint, which he did. Dkts. 6 and 8. This case arises from the arrest and
4   prosecution of the Plaintiff. Dkt. 8. The Plaintiff has filed several frivolous pleadings in this
5   case. Many of his allegations are not plausible.

6   The Plaintiff's Amended Complaint's caption lists "Thurston County and City of
7   Olympia et al" as defendants, and later complains of actions alleged to have been taken by the
8   City of Olympia Police Department and "defendants." *Id.* Adding to the confusion, in one of his
9   responses to the City Defendants' motion, the Plaintiff states he is suing "City of Olympia Police
10  Department" and "City of Olympia Prosecutor Offices of Chief prosecutor R. Tye Grahm [sic]
11  and Rosemary Hewittson [sic]," and that the "City of Olympia is not listed as any defendant."
12  Dkt. 40 at 3-4. For purposes of the pending motion to dismiss, the Court will construe all the
13  Plaintiff's pleadings liberally, and consider the claims as being asserted against the City of
14  Olympia, City of Olympia Prosecutor Offices, R. Tye Graham, and Rosemary Hewitson, who
15  shall collectively be referred to as the "City Defendants."

16  For the reasons provided below, the City Defendants' motion for the Court to take
17  judicial notice of pleadings filed in a criminal matter currently pending against the Plaintiff in
18  Thurston County, Washington Superior Court should be granted, their motion to consider certain
19  documents incorporated into the Amended Complaint by reference should be denied without
20  prejudice, and their motion for the dismissal of all claims asserted against them in this case
21  should be granted.

22  This opinion will first turn to the motion for judicial notice and incorporation by
23  reference, then address the motion to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), and
24

ORDER ON CITY DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR JOINDER OF PARTIES - 2

lastly the Plaintiff's motion for leave to amend his Amended Complaint to add additional parties. Although the City Defendants also assert other grounds for relief, including improper service of process, there is no need to reach those issues because the claims against them should be dismissed on other grounds.

### MOTION FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

Pursuant to Federal Rule of Evidence 201(b): "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

When evaluating the sufficiency of a pleading under Rule 12(b)(6), a court reviews only the allegations in the complaint and any attachments or documents incorporated by reference. *Koala v. Khosla,* 931 F.3d 887 894 (9th Cir. 2019). "Certain written instruments attached to pleadings may be considered part of the pleading. Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint it the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Although for purposes of a motion to amend or for a motion to dismiss the court ordinarily credits the allegations in the complaint as true, it need not "accept as true allegations that contradict matters properly subject to judicial notice . . . by exhibit" or incorporated by reference into the complaint. *Gonzalez v. Planned Parenthood of Los Angeles,* 759 F.3d 1112, (9th Cir. 2014); *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998)(the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

ORDER ON CITY DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR JOINDER OF PARTIES - 3

1  The City Defendants move the Court to take judicial notice of the pleadings filed in the criminal matter, *State of Washington v. Jared Jason Bailey*, Thurston County, Washington Superior Court case number 22-1-01222-34. The motion (Dkt. 25) should be granted. Judicial notice should be taken of the Information (refiled in this case at Dkt. 26-1 at 18) and the "Harassment-No Contact Orders" (refiled in this case at Dkts. 26-2 at 2-5) (protecting Defendants here, Rosemary Hewitson and Tye Graham, from the Plaintiff here) filed in that criminal case. Judicial notice should also be taken of the public docket in that case.

The City Defendants also move the Court to incorporate into the Amended Complaint, by reference, the Reporting Officer Narratives, Incident Reports, and Case Supplemental Reports which purport to detail the victim reports, the City of Olympia Police Department's investigation, and the Plaintiff's arrest. (The Amended Complaint is the operative complaint rendering the Plaintiff's original complaint "without legal effect." *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012)).

The City Defendants' motion regarding incorporation of these pleadings (the Reporting Officer Narratives, Incident Reports, and Case Supplemental Reports) into the Amended Complaint (Dkt. 25) should be denied without prejudice. These pleadings are not necessary to decide the motion fairly.

### I.   FACTS

The following facts are taken from the Plaintiff's Amended Complaint, judicially noticed facts, and facts from pleadings incorporated by reference.

Like his initial complaint, the Plaintiff's Amended Complaint (Dkt. 8) is, in places, difficult to follow and many of the allegations are not plausible. Sometimes referring to himself as "Jared Bailey the Supreme Court," he cites to various constitutions, statutes, international

treaties, and other legal works. Dkt. 8. As is relevant here, in his Amended Complaint, he alleges that:

> On December 8, 2022, the defendant(s) - under colour of law and without a warrant, or probable cause affidavit – did ambush, and assault, and kidnap, and torture, and criminally confine the Plaintiff. The defendant(s) confined the Plaintiff for approximately four (4) days and three (3) nights. While he was confined, the defendant(s) – without a warrant and without probable cause, and without affidavit – broke into the Plaintiff's lawful residence and entered his home and business located at 1801 4th Ave E., Olympia, WA 98506 where they proceeded to take property belonging to Jared Bailey and his ministry. . .

Dkt. 8 at 1. The Plaintiff's Amended Complaint further asserts that:

> On December 9, 2022 A.D., at three o'clock thereabouts, the defendant(s) proceeded to file claims against the Plaintiff in the Superior and District Court(s) claiming that Jared Bailey is a member of a "black race" and whose Constitutional rights the court was not bound to respect. The Plaintiff lawfully Claims that his race is the Human Race . . . [he] is not a member of any "black race" . . . nor is there any document or record – previous to the now publicly recorded publication of the vicious lie FALSELY CLAIMING that Jared Bailey is a "black male" . . . [he] has maintained that it is a violation of his freedom of religious expression to be forced to submit to a race that is not his own is to be ALIENATED from Allah and to be self alienated from al a.

*Id.* at 1-2 (*emphasis in original*). He contends that as a result, he has been "publicly violated," his "rights to suffrage," and rights under the Constitution to "establish his and express his faith free from persecutions" have been violated. *Id.* He claims that the Defendants made these false claims on the public record. *Id.* at 2. The Plaintiff alleges in the Amended Complaint that the Defendants have committed treason against the United States and maintains that his "kidnapping" was a "failed attempt to traffic him into free prison labor for the State of Washington." *Id.*

The Amended Complaint further alleges that the Defendants violated the Fourth and Fourteenth Amendments of the U.S. Constitution, Article II, Section III of the United States Constitution, the "Supremacy Clause" of the U.S. Constitution, federal criminal statutes - 18

ORDER ON CITY DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR JOINDER OF PARTIES - 5

U.S.C. §§ 241 and 242, the Civil Rights Acts of 1866, 1870, and 1871, "the Enforcement Act I [sections II and III], the Enforcement Act II [sections V and VI]," and the "False Claims Act [31 U.S.C. §§ 3729]." *Id.* at 3-5. He points to "Lafferty Sandy Hook v. Alex Jones." *Id.* at 3. He also refers to treason and international treaties. *Id.* He claims billions of dollars in damages. *Id.* at 6.

The following facts come from the publicly available docket sheet from *State of Washington v. Jared Jason Bailey*, Thurston County, Washington Superior Court case number 22-1-01222-34: The docket in that case indicates that Plaintiff had a preliminary appearance in court on December 9, 2022 (the day after his arrest). An Information was filed on December 13, 2022. Various hearings, including his arraignment and on other motions have occurred. Trial by jury is set to begin on May 30, 2023.

The following facts come from the December 13, 2022 Information filed in the *State of Washington v. Jared Jason Bailey*, Thurston County, Washington Superior Court case number 22-1-01222-34, filed in this case at Dkt. 26-1 at 18 ("Information"). In the Information, the Plaintiff is described as a "black/m/5'09"/240/Brown/Black." *Id.* He was charged as follows:

> COUNT 1: FELONY HARASSMENT . CRIMINAL JUSTICE PARTICIPANT. RCW 9A.46.020(1) and (2)ft)(iii) - C FELONY: That the said defendant, Jared Jason Bailey, in the State of Washington, on or about December 8, 2022, without lawful authority, knowingly threatened to cause bodily injury immediately or in the future to the person threatened or to any other person; or to subject the person threatened or any other person to physical confinement or restraint and the person threatened was a criminal justice participant, to-wit: Raymond Tyrell Graham, and the defendant's words or conduct did place such criminal justice participant in fear that the threat would be caried out, and a reasonable criminal justice participant would have been in fear under all the circumstances that the threat would be carried out.
>
> COUNT 2: FELONY HARASSMENT - CRIMINAL JUSTICE PARTICIPANT. RCW 9A.46.020(1) and (2)(b)(iii) - CLASS C FELONY: That the said defendant, Jared Jason Bailey, in the State of Washington, on or about December 8,2022, without lawful authority, knowingly threatened to cause bodily injury

immediately or in the future to the person threatened or to any other person; or to subject the person threatened or any other person to physical confinement or restraint and the person threatened was a criminal justice participant, to-wit: Rosemany [sic] Hewitson, and the defendant's words or conduct did place such criminal justice participant in fear that the threat would be carried out, and a reasonable criminal justice participant would have been in fear under all the circumstances that the threat would be carried out.

*Id*. Note that the charging contents of court files are not considered for the truth of the facts alleged, but only for the truth of the procedure Plaintiff is facing.

The following facts come from the December 9, 2022 "Harassment – No Contact Order[s]" ("NCOs") filed in the *State of Washington v. Jared Jason Bailey*, Thurston County, Washington Superior Court case number 22-1-01222-34, filed in this case at Dkt. 26-2 at 2-5: both NCOs prohibit the Plaintiff from having contact with Rosemary Hewitson and Tye Graham. *Id.* Both identify the Plaintiff as "gender – male" and "race – black." *Id.*

## II.    DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### B. CLAIMS BASED ON CERTAIN PROVISIONS OF THE U.S. CONSTITUTION, CRIMINAL STATUTES, FALSE CLAIMS ACT, "ENFORCEMENT ACT," "FERA," AND INTERNATIONAL TREATIES

The exact nature of a majority of Plaintiff's claims are unclear.  The Plaintiff's Amended Complaint refers to the Article II, Section III of the United States Constitution, the Supremacy Clause of the U.S. Constitution, criminal statutes, the federal False Claims Act, the "Enforcement Act," and international treaties.  Dkt. 8.  His responses to the motion to dismiss also discuss "FERA."  *E.g*. Dkt. 42.

To the extent the Plaintiff asserts claims against any of the Defendants under these laws, they should be dismissed, for the reasons set out below.

Article II, Section III of the United States Constitution, relates to the duties of the President of the United States and is entitled "Recommendation to Congress – Convene and Adjourn Congress – Receive Ambassadors – Execute Laws – Commission Officers."  The Plaintiff fails to show that there is a private right of action under this provision of the Constitution that in any manner applies here.  Further, the Plaintiff fails to allege any facts plausibly giving rise to a claim under the Supremacy Clause of the United States Constitution.

The Plaintiff's claims for violation of federal and state criminal statutes should be dismissed.  There is no private right of action under 18 U.S.C. §§ 241-242.  *Allen v. Gold Country Casino,* 464 F.3d 1044 (9th Cir. 2006).  Further, there generally is no private right of action in criminal statutes, *See Id.*, including for treason, and the Plaintiff makes no showing that there are any available to him here.  His claims for violation of criminal statutes should be dismissed for failure to state a claim.

To the extent that the Plaintiff makes a claim for violation of the federal False Claims Act, 31 U.S.C. 3729, *et. seq.*, his claims should be dismissed. The False Claims Act requires that a "claim" be presented to an "officer, employee or agent of the United States" for payment or approval. 31 U.S.C. § 3729(a)(1)(A) and (b)(2). The Plaintiff fails to allege that a claim was so presented. His assertions that the various pleadings filed in his state criminal case, which identify him as "black," and violate this statute, are frivolous. The lines in these pleadings identifying the Plaintiff as "black" are merely observations and not court findings.

The Plaintiff's responses discuss "FERA." *E.g.* Dkt. 42. To the extent the Plaintiff is asserting a claim under the Fraud Enforcement and Recovery Act of 2009, which amended the False Claims Act, *See U.S. ex rel. McGrath v. Microsemi Corp.,* 140 F.Supp.3d 885, 901, the Plaintiff fails to show how this Act plausibly applies to the events alleged to have occurred here.

To the extent that the Plaintiff asserts claims under the "Enforcement Act," those claims should be dismissed. He fails to point to a statutory citation or authority in support of this claim and the Court finds none.

His claims under international treaties are also frivolous. "For any treaty to be susceptible to judicial enforcement it must both confer individual rights and be self-executing." *Cornejo v. Cnty. of San Diego*, 504 F.3d 853, 856 (9th Cir. 2007). The Plaintiff has not demonstrated that the treaties to which he refers, like the "Treaty of Peace and Friendship Marrakesh 1786 A.D.," either confer individual rights or are self-executing.

Each of these claims should be dismissed.

**C.  CIVIL RIGHTS ACTS OF 1866, 1870, AND 1871**

To the extent that the Plaintiff asserts claims under the Civil Rights Act of 1866 and 1870, the claim should be dismissed. The Plaintiff fails to explain the nature of the claim. The

Court notes that 42 U.S.C. § 1981 has its roots in the Civil Rights Act of 1866, *Magassa v. Mayorkas,* 52 F.4th 1156, 1163 (9th Cir. 2022) and "prohibits racial discrimination in the making and enforcement of contracts," *Magana v. N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997). There are no allegations here that could plausibly make a claim under the Civil Rights Act of 1866 or 1870 or under 42 U.S.C. § 1981. To the extent the Plaintiff asserts that the pleadings filed in the criminal matter that indicated his race was black violated 42 U.S.C. § 1981, the claim is frivolous and without merit. These are merely observations and not discriminatory legal statements or findings.

The Plaintiff also points to the Civil Rights Act of 1871, which is now codified at 42 U.S.C. § 1983. *Monell v. Sept. of Social Services of City of New York,* 436 U.S. 658, 658 (1978). Section 1983 "merely provides a mechanism for enforcing individual rights secured elsewhere, i.e., rights independently secured by the Constitution and laws of the United States. One cannot go into court and claim a violation of § 1983—for § 1983 by itself does not protect anyone against anything." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

To the extent the Plaintiff is asserting a stand-alone claim for violation of § 1983, the claim should be dismissed. To the extent he is asserting a substantive federal constitutional claim (like a Fourth Amendment claim) or statutory claim under § 1983, the claims will be addressed by substantive claim, below.

### D.  FOURTEENTH AMENDMENT CLAIM PURSUANT TO 42 U.S.C. § 1983

The nature of the Plaintiff's Fourteenth Amendment claim against the City Defendants is unclear. The Plaintiff fails to meaningfully oppose the motion to dismiss this claim. Further, the motion to dismiss this claim has merit.

To the extent the claim is based on the alleged force used to arrest him, or to arrest him or search his home without probable cause, the claim should be dismissed. "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). The Fourteenth Amendment claim should be dismissed. The events of which Plaintiff complains should be analyzed under the Fourth Amendment because it is the specific provision that applies.

### E. FOURTH AMENDMENT CLAIMS BASED ON PLAINTIFF'S ARREST PURSUANT TO 42 U.S.C. § 1983

The Fourth Amendment to the U.S. Constitution prohibits unreasonable seizures. Whether an officer used excessive force under the Fourth Amendment involves an objective inquiry into whether an officer's actions were reasonable considering the particular circumstances. *Graham v. Connor*, 490 U.S. 386, 394 (1989).

While the Plaintiff's Amended Complaint alleges that the Plaintiff was assaulted and tortured when he was arrested, he fails to allege any facts in support of his contention. More importantly, in his response, the Plaintiff states that he was "handcuffed with his hands behind his back," and a "fatal struggle **could** have ensued." Dkt. 27 at 10 (*emphasis added*). He has failed to allege that what happened was excessive or that the "officer[s]' actions were not reasonable considering the particular circumstances." *Graham,* at 394. His Fourth Amendment claim should be dismissed.

### F. FOURTH AMENDMENT CLAIMS BASED ON PLAINTIFF'S ARREST AND THE ALLEGED SEARCH OF THE PLAINTIFF'S HOME WITHOUT PROBABLE CAUSE PURSUANT TO 42 U.S.C. § 1983

Absent exceptional circumstances, federal courts should not enjoin pending state criminal proceedings. *Younger v. Harris,* 401 U.S. 37 (1971). A federal court should abstain from

exercising jurisdiction over a case under *Younger* when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)(*internal quotation marks and citations omitted*).  Where all the *Younger* abstention elements are met, a district court must abstain from hearing the case and dismiss the action. *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988).

The Defendants' motion to dismiss should be granted and the Plaintiff's Fourth Amendment claims based on his assertion that he was arrested and his home was searched without probable cause should be dismissed without prejudice.  All the *Younger* abstention elements are met.  There is an ongoing criminal proceeding against the Plaintiff and the criminal proceeding implicates important state interests- that of the state enforcing its' criminal statutes.  There is no showing that the Plaintiff cannot raise these constitutional issues during the state court proceedings.  Further, the Plaintiff's requested relief (which would necessitate rulings on whether his constitutional rights under the Fourth Amendment for a search and seizure without probable cause have been violated) would have the "practical effect of enjoin[ing] the ongoing state criminal proceedings." *Mann v. Jett,* 781 F.2d 1488 (9th Cir. 1986).  Rulings on these issues would have a substantial disruptive effect on the state court criminal proceedings against the Plaintiff.

### G.  CLAIMS UNDER WASHINGTON LAW

The Plaintiff refers to the Washington State Constitution.  There is no private right of action under the Washington State Constitution. *Blinka v. Wash. State Bar Ass'n,* 109 Wash.

ORDER ON CITY DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR JOINDER OF PARTIES - 12

App. 575, 590-591 (2001). To the extent the Plaintiff makes claims under the Washington State Constitution, they should be dismissed.

As was the case in prior pleadings, in his responses to this motion, the Plaintiff repeatedly references "malicious prosecution" but fails to point to any facts supporting this claim against any of the City Defendants. To the extent he is attempting to assert this claim, it should be dismissed for failure to state a claim.

### H. LEAVE TO AMEND AS TO THE CITY DEFENDANTS

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

As stated above in Section F., pursuant to *Younger v. Harris,* 401 U.S. 37 (1971)*,* the Fourth Amendment claims based on lack of probable cause should be dismissed without prejudice and without leave to amend. The remaining claims asserted against the City Defendants should be dismissed with prejudice for failure to state a claim. This dismissal should be without leave to amend. The Plaintiff has been notified of deficiencies in his Complaint. His Amended Complaint suffers from the same sort of deficiencies. At this stage, it is clear that amendment is futile as to the City Defendants and the Plaintiff should not be given leave to amend yet again.

### I. PLAINTIFF'S MOTION TO AMEND

The Plaintiff moves to add Thurston County Prosecutor Jon Tunheim and the Thurston County Jail as defendants. Dkt. 38. This motion should be construed as a motion for leave to amend Plaintiff's Amended Complaint under Fed. R. Civ. P. 15.

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, 1152 (9th Cir. 2011).

The Plaintiff's motion to amend his Amended Complaint to add Jon Tunheim, the elected prosecuting attorney for Thurston County, Washington and the Thurston County, Washington jail, (Dkt. 38) should be denied. There are no allegations in the Amended Complaint that in any manner relate to Mr. Tunheim except that his office is prosecuting the Plaintiff for felony harassment of two City of Olympia prosecutors. The Plaintiff's proposed amendment to add Mr. Tunheim as a defendant is taken in bad faith and appears to be an effort to harass him. Additionally, there are no allegations in the Amended Complaint that support a claim against the Thurston County, Washington jail. His motion to add either of these parties should be denied.

### J. CONCLUSION AND ORDER TO SHOW CAUSE

Almost all of the Plaintiff's claims are wholly unclear. Many of his allegations are not plausible. Considering all plausible allegations in the Amended Complaint, the Amended Complaint fails to state a claim on which relief can be granted under Rule 12(b)(6). To the extent the Plaintiff makes claims for violation of his Fourth Amendment rights against searches and seizures without probable cause, his claims should be dismissed without prejudice and without leave to amend pursuant to *Younger v. Harris,* 401 U.S. 37 (1971). His remaining claims against the City Defendants should be dismissed for failure to state a claim and without leave to amend.

Aside from the frivolous claims asserted around the documents identifying the Plaintiff as "black," filed by the Thurston County Prosecutor's Office and repeated by the superior court judge, there are no additional allegations in the Amended Complaint that plausibly relate to Thurston County or any of its employees.

By **May 19, 2023**, the Plaintiff should be ordered to show cause, in writing, if any he has, why the claims, if any, against Thurston County, Washington should not be dismissed. Failure to respond may result in dismissal of those claims.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- The City Defendants' motion for the Court to take judicial notice of pleadings filed in a criminal matter currently pending against the Plaintiff in Thurston County, Washington Superior Court (Dkt. 25) **IS GRANTED**;

- The City Defendants' motion to consider certain documents incorporated into the Amended Complaint by reference (Dkt. 25) **IS DENIED WITHOUT PREJUDICE;**

- The City Defendant's motion for the dismissal of all claims asserted against them in this case (Dkt. 25) **IS GRANTED**;

- The Plaintiff's Amended Motion for Joinder, construed as a motion for leave to file an amended complaint (Dkt. 38) **IS DENIED;** and

- By **May 19, 2023**, the Plaintiff **IS ORDERED TO SHOW CAUSE**, in writing, if any he has, why the claims against Thurston County, Washington should not be dismissed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of May, 2023.

                                                              *Robert J. Bryan*
                                                              ROBERT J. BRYAN
                                                              United States District Judge